**Obergo MILIACE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–70909.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 18, 2008.*

Filed March 28, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Obergo Miliace, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Marty Woelfle, Washington, DC, for Respondent.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Obergo Miliace, a native and citizen of Haiti, applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") affirmed an order of the Immigration Judge ("IJ") denying relief on all grounds. Pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the BIA adopted the IJ's conclusion that Miliace failed to show he was persecuted or would be persecuted on account of his pro-Aristide political opinion. The BIA also concluded that errors in transcription did not deny Miliace due process. Miliace petitions for review of his asylum and due process claims. He does not seek review of his withholding and CAT claims.

Substantial evidence supports the IJ's conclusion that Miliace failed to show he suffered or would suffer persecution on account of his political beliefs. *See Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir. 1997); *see also Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc) (holding that when the BIA adopts the decision of the IJ, this court reviews the IJ's decision). Miliace, an Aristide supporter, was shot in the arm as a large and violent anti-Aristide demonstration passed by his house. Miliace does not know who shot him. He submitted no evidence about the shooter's motivations. Thus, he failed to show he was persecuted, or would be persecuted, on account of his political beliefs. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (holding that white South African man robbed by black youths did not show persecution on account of race even though he testified that his attackers were motivated by race); *Ochave v. INS*, 254 F.3d 859, 865–66 (9th

Cir.2001) (holding that Filipino wife and daughter of government employee who were raped by Marxist rebels did not show persecution on account of political opinion when there was no evidence the rapists knew who they were).

■ Substantial evidence also supports the BIA's conclusion that errors in transcription of the hearing before the IJ did not rise to a due process violation. The errors in transcription did not prevent Miliace from presenting relevant, material evidence at the hearing or on appeal. *See Acewicz v. INS,* 984 F.2d 1056, 1063 (9th Cir.1993).

The petition for review is **DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.